James BROWNSON and Jamie
Brownson, Plaintiffs,

v.

Barbara BOGENSCHUTZ,
et al., Defendants.

No. 96–C–833.

United States District Court,
E.D. Wisconsin.

June 5, 1997.

James Brownson, Jamie Brownson, pro se.

## ORDER

REYNOLDS, District Judge.

The plaintiffs, proceeding *pro se,* filed their complaint seeking damages against the defendants. Currently pending before the court are the plaintiffs' petitions for leave to proceed *in forma pauperis.*

■ In order to authorize a litigant to proceed *in forma pauperis,* the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.

§§ 1915(a), (e)(2)(B)(i)-(iii). An action is frivolous, for purposes of § 1915(e)(2)(B), if there is no arguable basis for relief either in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989). The court is obliged to give the plaintiffs' *pro se* allegations, however unartfully pleaded, a liberal construction. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972).

The court has reviewed the plaintiffs' affidavits of indigence and is satisfied that they are unable to pay the costs of commencing this action. 28 U.S.C. § 1915(e). Proceeding to the merits of the plaintiffs' claims, the Brownsons' first cause of action states that James Brownson appeared in the Outagamie County Circuit Court on July 20, 1994. James Brownson was informed by Attorney John Wallace III that WLUK–TV was going to televise the proceedings. Upon learning of WLUK's presence, James Brownson requested by telegram that WLUK refrain from broadcasting his court proceeding because his religious beliefs prevented any photo image to be taken of the Brownson family. On July 21, 1994, defendant Kyra Philips—a reporter for WLUK—and an unknown cameraman were present in court and filmed James and Jamie Brownson.[1] The Brownsons contend that the defendants violated their right to free exercise of their religion as guaranteed by the First Amendment.

■ Two federal statutes provide avenues of relief for violations of the constitutional right to free exercise of religion—the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. §§ 2000bb to 2000bb–4, and 42 U.S.C. § 1983. RFRA forbids "government, federal or state, to 'substantially burden' a person's exercise of his or her religion unless the government shows that the burden is the 'least restrictive means of furthering [a] compelling governmental interest.'" *Sasnett v. Sullivan,* 91 F.3d 1018, 1019 (7th Cir.1996) (quoting 42 U.S.C. § 2000bb–1(b)) (alteration in original). Section 1983, on the other hand, provides a

---

1. ·Although their relationship is not identified, James and Jamie Brownson are apparently male relatives.

remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place under color of law. *See generally Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 924, 102 S.Ct. 2744, 2746–47, 73 L.Ed.2d 482 (1982). RFRA states that "government" shall not substantially burden the exercise of religion. Because the statutory definition of "government" under RFRA includes any person "acting under color of law," 42 U.S.C. § 2000bb–2(1), the required degree of state action under RFRA is analyzed under the same standard as § 1983.

■ In the instant case, the plaintiffs were filmed by employees of WLUK, a private organization. While the plaintiffs name three state actors as defendants—an assistant district attorney, an agent for the Wisconsin Department of Agriculture, Trade, and Consumer Protection, and Winnebago County, the complaint does not allege that any of these defendants are responsible for filming the plaintiffs. According to the plaintiffs' complaint, Augustine and Daniels simply appeared on the telecast; the plaintiffs do not allege that Augustine or Daniels solicited television coverage or caused WLUK to televise the proceedings. With respect to Winnebago County, the defendants contend that the County failed to train Daniels to prevent him from participating in broadcasts that are "untruthful and false." Again, the plaintiffs do not allege that the County caused WLUK to broadcast the proceedings or even allowed the broadcasts to occur. In fact, the court proceeding occurred in Outagamie County, not Winnebago. Thus, none of the state actors substantially burdened the plaintiffs' religious rights under RFRA, nor caused the plaintiffs' constitutional deprivations under § 1983.

■ Nonetheless, a complaint may state a valid cause of action against private defendants when the state implicates itself to such a degree that the state has in effect compelled the private defendants' actions. *Starnes v. Capital Cities Media, Inc.,* 39 F.3d 1394, 1396 (7th Cir.1994). A private party may also be liable if the defendants violated the plaintiffs' rights through joint action with state officials. *Id.* However, as is discussed below, neither theory justifies classifying the private defendants' actions in this case as acts under color of state law.

■ Wisconsin Supreme Court Rule 61.03 authorizes televised court proceedings. Although the Supreme Court rule allows WLUK to televise court proceedings, the state's failure to prohibit an action does not mean that the state compels the action. In *Starnes,* the plaintiff commenced a § 1983 action which alleged that the defendants, all of whom were private actors, acted under color of state law when they violated his constitutional right to privacy by making allegedly defamatory statements. The Seventh Circuit held that the defendants did not act under color of state law when they relied on a state law that confers an absolute privilege upon statements made in the course of judicial proceedings. *Id.* at 1397. The court reasoned that "any action or inaction by the legislature does not automatically transform a wholly private action into state action." *Id.* Moreover, the court observed that misuse of a state law by a private actor is not state action because the "legislature's endorsement of a given legal rule does not logically translate into its endorsement of unconstitutional applications of that rule." *Id.*

■ Although the instant case focuses on a Supreme Court rule, rather than a legislative act, a similar analysis applies. Simply because a Supreme Court rule allows WLUK to televise court proceedings does not imply that WLUK is acting under color of law. Rather, the Supreme Court rule only provides guidelines to regulate private conduct in a public forum. The state is not directing, nor even encouraging, television stations to broadcast court proceedings. Assuming that WLUK misused the Supreme Court rule that allows it to televise court proceedings, "private misuse of a [state Supreme Court rule] does not describe conduct that can be attributed to the state." *Lugar,* 457 U.S. at 941, 102 S.Ct. at 2756. "Without a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interaction with the community surrounding them." *Id.* at 937, 102 S.Ct. at 2754.

Under the joint action theory, private defendants act under color of state law when they collaborate with a state official to deny the plaintiffs' rights. *Starnes,* 39 F.3d at 1397. To transform a private defendant into a state actor under the joint action theory, the public and private actors must share a common and unconstitutional goal. *Id.*

In the instant case, the plaintiffs do not indicate that they informed the judge that their religious beliefs dictate that they not be filmed. While the plaintiffs informed the television station, the television station's knowledge cannot be imputed to the judge. Thus, the joint action theory cannot apply because no claim is made that the public actors were aware that devotees of the plaintiffs' religion are prohibited from appearing on television or in photographs.

To summarize, the plaintiffs do not claim that the defendants acted under color of law when they allegedly violated the plaintiffs' right to free exercise of religion. Accordingly, the plaintiffs do not present an arguable basis for relief under the Religious Freedom Restoration Act or § 1983.

With respect to the plaintiffs' second cause of action, they assert defamation, slander and libel under Wisconsin state law. However, this court has jurisdiction over state law claims only when the parties are diverse and the amount in controversy exceeds $50,000 ($75,000 effective January 17, 1997). 28 U.S.C. § 1332(a) (1996). While the plaintiffs, Wisconsin residents, assert claims against Illinois defendants, defendants Bogenschutz, Philips, Johnson, Barr, Leonard, Augustine, Daniels, WLUK–TV, the Wisconsin Department of Agriculture, Trade and Consumer Protection, and Winnebago County are all Wisconsin residents. Plaintiffs also fail to assert the proper amount in controversy—the Brownsons allege that the amount in controversy exceeds $10,000, not $50,000. Because diversity jurisdiction does not exist unless each defendant is a citizen of a different state from each plaintiff and the amount in controversy is sufficient, this court lacks jurisdiction over the plaintiffs' state defamation, libel and slander claims (the second cause of action). *See Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 373,

98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978). Additionally, pursuant to 28 U.S.C. § 1367(c)(3), this court declines to exercise supplemental jurisdiction over plaintiffs' state law claims.

**IT IS THEREFORE ORDERED** that the plaintiffs' petitions to proceed in *forma pauperis* are **denied** and plaintiffs' complaint and this action are **dismissed without prejudice.** Judgment shall be entered accordingly.